Filing # 229177287 E-Filed 08/11/2025 04:52:30 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

ROBERT HORTON,

    *Plaintiff,*

CASE NO:  2025 CA 001565

v.

GRIMMWAY ENTERPRISES, INC., and COSTCO WHOLESALE CORPORATION,

    *Defendants.*

_____/

## COMPLAINT

The Plaintiff, ROBERT HORTON, sues the Defendants, GRIMMWAY ENTERPRISES, INC., and COSTCO WHOLESALE CORPORATION, and alleges:

### COMMON ALLEGATIONS

1. This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest, and attorneys' fees (the estimated value of the Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, the Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of the Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. The Plaintiff was and remains a natural person residing in Gadsden County, Florida.

3. At all times material to this action, GRIMMWAY ENTERPRISES, INC., was and remains a Foreign Profit Corporation, licensed to do business and doing business in the State of Florida.

4. At all times material to this action, COSTCO WHOLESALE CORPORATION was and remains a Foreign Profit Corporation, licensed to do business and doing business in the State of Florida.

## FACTUAL BACKGROUND

5. On November 16, 2024, GRIMMWAY ENTERPRISES, INC., issued a recall of *"select organic whole carrots and organic baby carrots that* should no longer be in grocery stores but *may be in consumers' refrigerators or freezers." See* Grimmway Farms Recall Announcement attached hereto as Exhibit "A" (emphasis added).

6. GRIMMWAY ENTERPRISES, INC., issued this recall announcement because those carrots may have been "contaminated with Shiga toxin-producing Escherichia coli (E. coli)." *See* Exhibit A.

7. The recall announcement notes that this contamination could *"cause serious and sometimes fatal infections in* young children, *elderly people*, and those with a weakened immune system. Some infections can cause severe bloody diarrhea conditions, such as [] hemolytic uremic syndrome, or the development of high blood pressure, chronic kidney disease, and neurologic problems. Symptoms include severe stomach cramps, diarrhea, fever, nausea, and/or vomiting." *See* Exhibit A.

8. The recall announcement also states that "[t]he incubation period for E. coli O121:H19 in humans can range from 24 hours to as much as ten days" and "[t]he average incubation period is 3 to 4 days." *See* Exhibit A.

9. Between August 15, 2024, and September 30, 2024, the Plaintiff purchased a bag of contaminated carrots from Costco located at 4067 Lagniappe Way, Tallahassee, FL 32317.

10. COSTCO WHOLESALE CORPORATION did not alert the Plaintiff to the recall until November 19, 2024. *See* Exhibit B attached hereto.

11. One day prior to Costco's letter going out warning customers, on November 18, 2024, Plaintiff had a medical emergency after consuming the carrots and was taken to an emergency room.

## COUNT I—PLAINTIFF'S STRICT PRODUCTS LIABILITY CLAIM AGAINST GRIMMWAY ENTERPRISES, INC.

The Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above and further states:

12. At all times material hereto, GRIMMWAY ENTERPRISES, INC., was in the business of growing, preparing, marketing, and/or selling the carrots at issue to the public. Thus, GRIMMWAY ENTERPRISES, INC., was within the distributive chain via which the carrots made their way to the consumer, Mr. Horton.

13. There was a defect in the carrots at issue when they left the possession and control of GRIMMWAY ENTERPRISES, INC. The carrots were defective because they contained E. coli. The presence of E. coli was a condition that rendered the carrots unreasonably dangerous to Mr. Horton.

14. GRIMMWAY ENTERPRISES, INC., failed to give adequate warnings of the dangers of the carrots that were known, or by the application of reasonably developed skill and foresight developed by a specialized business such as GRIMMWAY ENTERPRISES, INC., should have been known. GRIMMWAY ENTERPRISES, INC., also failed to give adequate warnings and instructions to avoid such dangers. GRIMMWAY ENTERPRISES,

3

INC.'s failure to provide such warnings and instructions rendered the carrots unreasonably dangerous to Mr. Horton.

15. The carrots reached Mr. Horton without a substantial change in the condition in which the carrots were sold.

16. The defects and dangers of the carrots, which are the subject of the Complaint, were unknown to the Plaintiff at the time he was injured.

17. The carrots were defective and unreasonably dangerous at the time of their manufacture, growth, distribution, and when Mr. Horton was exposed to them. Said defects in the carrots include, but are not limited to:

    a. Contamination with E. coli;

    b. The carrots were grown, designed, and/or manufactured in such a way and under such conditions that led them to be adulterated;

    c. Lack of sufficient warnings to advise consumers of the hazards presented due to the presence of E. coli in the carrots;

    d. The carrots failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by Mr. Horton;

    e. The risk of damage from the carrots' consumption outweighed the benefits obtained with the use of the carrots, and reasonable alternatives to the contaminated carrots were readily available; and/or

    f. The carrots failed to perform safely and reached Mr. Horton without substantial change affecting their condition.

18. The conduct of GRIMMWAY ENTERPRISES, INC., was the direct and proximate cause of the Plaintiff's injuries and damages.

4

19. As a direct and proximate result of the Plaintiff's consumption of GRIMMWAY ENTERPRISES, INC.'s defective and unreasonably dangerous carrots, the Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, aggravation of previously existing condition and/or activation of a latent condition. The losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

20. The Defendant, GRIMMWAY ENTERPRISES, INC., is strictly liable for all damages proximately caused by the defective and unreasonably dangerous condition of the carrots that are the subject of this Complaint.

WHEREFORE, the Plaintiff, ROBERT HORTON, sues the Defendant, GRIMMWAY ENTERPRISES, INC., for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT II—PLAINTIFF'S BREACH OF IMPLIED WARRANTY CLAIM AGAINST DEFENDANT, GRIMMWAY ENTERPRISES, INC.

The Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above and further states:

21. The defective and dangerous condition of the carrots at issue, and their lack of adequate warnings, made them unfit for use as carrots generally, and unfit for their particular purpose.

22. Upon information and belief, the carrots which are the subject of this action were expected to, and did, reach the user and/or consumer without substantial change in the condition in

which they were sold and were, at the time of the incident, in essentially the same condition as when they left the hands of GRIMMWAY ENTERPRISES, INC.

23. The Plaintiff is a third party who would foreseeably use, consume, and/or be affected by the carrots.

24. GRIMMWAY ENTERPRISES, INC., breached its implied warranties by growing/selling/distributing a defective product that violated the warranties of merchantability and fitness for a particular purpose.

25. As a direct and proximate result of GRIMMWAY ENTERPRISES, INC.'s breach of warranties, the Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, aggravation of previously existing condition and/or activation of a latent condition. The losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, ROBERT HORTON, sues the Defendant, GRIMMWAY ENTERPRISES, INC., for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT III—PLAINTIFF'S FAILURE TO WARN CLAIM AGAINST DEFENDANT, GRIMMWAY ENTERPRISES, INC.

The Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above and further states:

26. Upon information and belief, the carrots which are the subject of this action were expected to, and did, reach the user and/or consumer without substantial change in the condition in

6

which they were sold and were, at the time of the incident, in essentially the same condition as when they left the hands of GRIMMWAY ENTERPRISES, INC.

27. GRIMMWAY ENTERPRISES, INC., had a duty to provide adequate warnings and information to foreseeable users, such as Plaintiff, about the dangers of the carrots it grew, manufactured, distributed, and/or sold.

28. As a direct and proximate result of GRIMMWAY ENTERPRISES, INC.'s failure to warn, the Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, aggravation of previously existing condition and/or activation of a latent condition. The losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, ROBERT HORTON, sues the Defendant, GRIMMWAY ENTERPRISES, INC., for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT IV – NEGLIGENCE AGAINST GRIMMWAY ENTERPRISES, INC.

The Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above and further states:

29. The Defendant, GRIMMWAY ENTERPRISES, INC., had a duty to properly and safely grow, manufacture, distribute, and inspect/test the carrots that are the subject of this Complaint, and to place reasonably safe products in the stream of commerce.

30. Upon information and belief, the carrots which are the subject of this action were expected to, and did, reach the user and/or consumer without substantial change in the condition in which they were sold and were, at the time of the incident, in essentially the same condition as when they left the hands of GRIMMWAY ENTERPRISES, INC.

31. GRIMMWAY ENTERPRISES, INC. knew or should have known that the carrots were inherently dangerous and defective as previously stated herein.

32. GRIMMWAY ENTERPRISES, INC. had a duty to warn the Plaintiff as to any defects of the carrots that are the subject of this Complaint.

33. GRIMMWAY ENTERPRISES, INC. violated its duties and was careless, negligent, grossly negligent, reckless, willful, and wanton in the following particulars:

    a. Designing, manufacturing, and placing into the stream of commerce an unsafe product;

    b. Failing to properly and adequately grow, inspect/test, and/or manufacture the carrots;

    c. Failing to grow, manufacture, inspect/test, and sell carrots that could be safely consumed despite the fact that this was technologically and economically feasible;

    d. Failing to discover that the carrots were defective;

    e. Failing to properly inspect/test the carrots;

    f. Allowing defective and inherently dangerous carrots to be consumed by the Plaintiff;

    g. Placing a defective and unsafe product into the stream of commerce without adequate warnings, thereby exposing the Plaintiff and other third parties to a high and unreasonable risk of injury, and/or;

   h. Failing to create and provide sufficient warning as to the dangerous propensities of the carrots to the end-user;

34. As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness, willfulness, and wantonness of GRIMMWAY ENTERPRISES, INC., the Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, aggravation of previously existing condition and/or activation of a latent condition. The losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

35. The Defendant's conduct in growing/manufacturing and placing an inherently dangerous product, with a known serious risk of harm, into the stream of commerce was reckless, willful, and wanton. As a result, the Plaintiff is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff, ROBERT HORTON, sues the Defendant, GRIMMWAY ENTERPRISES, INC., for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT V – NEGLIGENCE PER SE AGAINST GRIMMWAY ENTERPRISES, INC.

The Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above and further states:

36. GRIMMWAY ENTERPRISES, INC., had a duty to comply with all applicable health regulations, including the FDA's Good Manufacturing Practices Regulations, 21 C.F.R. part 110, subparts (A)- (G), and all statutory and regulatory provisions that applied to the

manufacture, distribution, storage, and/or sale of the carrots, including but not limited to, the *Federal Food, Drug, and Cosmetics Act*, § 402(a), as codified at 21 U.S.C. § 342(a), which bans the manufacture, sale and distribution of any "adulterated" food, and the similar provision in the *Florida Food Safety Act*, including §§ 500.01. 500.04, 500.10, and 500.11, et. seq.

37. Under both federal and applicable state law, food is adulterated if it contains a "poisonous or deleterious substance which may render it injurious to health."

38. The carrots were adulterated because they contained E. coli. Thus, by the manufacture, distribution, delivery, storage, sale, and/or offering for sale of the carrots, GRIMMWAY ENTERPRISES, INC. breached its statutory and regulatory duties.

39. Mr. Horton was a member of the classes sought to be protected by the statutes and regulations identified above.

40. Mr. Horton developed injuries as a result of the consumption of the carrots at issue.

41. As a direct and proximate result of the breach of its statutory and regulatory duties, carelessness, negligence, gross negligence, recklessness, willfulness, and wantonness of GRIMMWAY ENTERPRISES, INC., the Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, aggravation of previously existing condition and/or activation of a latent condition. The losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

42. The Defendant's conduct in growing/manufacturing and placing an inherently dangerous product, with a known serious risk of harm, into the stream of commerce was reckless, willful, and wanton. As a result, the Plaintiff is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff, ROBERT HORTON, sues the Defendant, GRIMMWAY ENTERPRISES, INC., for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT VI—PLAINTIFF'S STRICT PRODUCTS LIABILITY CLAIM AGAINST COSTCO WHOLESALE CORPORATION

The Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above and further states:

43. At all times material hereto, COSTCO WHOLESALE CORPORATION was in the business of preparing, marketing, and/or selling the carrots at issue to the public. Thus, COSTCO WHOLESALE CORPORATION was within the distributive chain via which the carrots made their way to the consumer, Mr. Horton.

44. There was a defect in the carrots at issue when they left the possession and control of COSTCO WHOLESALE CORPORATION. The carrots were defective because they contained E. coli. The presence of E. coli was a condition that rendered the carrots unreasonably dangerous to Mr. Horton.

45. COSTCO WHOLESALE CORPORATION failed to give adequate warnings of the danger of the carrots that were known, or by the application of reasonably developed skill and foresight developed by a specialized business such as COSTCO WHOLESALE CORPORATION should have been known. COSTCO WHOLESALE CORPORATION also failed to give adequate warnings and instructions to avoid such dangers. COSTCO

WHOLESALE CORPORATION's failure to provide such warnings and instructions rendered the carrots unreasonably dangerous to Mr. Horton.

46. The carrots reached Mr. Horton without a substantial change in the condition in which the carrots were sold.

47. The defects and dangers of the carrots, which are the subject of the Complaint, were unknown to the Plaintiff at the time he was injured.

48. The carrots were defective and unreasonably dangerous at the time of their manufacture, growth, distribution, and when Mr. Horton was exposed to them. Said defects in the carrots include, but are not limited to:

   a. Contamination with E. coli;

   b. The carrots were grown, designed, and/or manufactured in such a way and under such conditions that led them to be adulterated;

   c. Lack of sufficient warnings to advise consumers of the hazards presented due to the presence of E. coli in the carrots;

   d. The carrots failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by Mr. Horton;

   e. The risk of damage from the carrots' consumption outweighed the benefits obtained with the use of the carrots, and reasonable alternatives to the contaminated carrots were readily available; and/or

   f. The carrots failed to perform safely and reached Mr. Horton without substantial change affecting their condition.

49. The conduct of COSTCO WHOLESALE CORPORATION was the direct and proximate cause of the Plaintiff's injuries and damages.

12

50. As a direct and proximate result of the Plaintiff's consumption of COSTCO WHOLESALE CORPORATION's defective and unreasonably dangerous carrots, the Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, aggravation of previously existing condition and/or activation of a latent condition. The losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

51. The Defendant, COSTCO WHOLESALE CORPORATION, is strictly liable for all damages proximately caused by the defective and unreasonably dangerous condition of the carrots that are the subject of this Complaint.

WHEREFORE, the Plaintiff, ROBERT HORTON, sues the Defendant, COSTCO WHOLESALE CORPORATION, for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT VII—PLAINTIFF'S BREACH OF IMPLIED WARRANTY CLAIM AGAINST DEFENDANT, COSTCO WHOLESALE CORPORATION

The Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above and further states:

52. The defective and dangerous condition of the carrots at issue, and their lack of adequate warnings, made them unfit for use as carrots generally, and unfit for their particular purpose.

53. Upon information and belief, the carrots which are the subject of this action were expected to, and did, reach the user and/or consumer without substantial change in the condition in

13

which they were sold and were, at the time of the incident, in essentially the same condition as when they left the hands of COSTCO WHOLESALE CORPORATION.

54. The Plaintiff is a third party who would foreseeably use, consume, and/or be affected by the carrots.

55. COSTCO WHOLESALE CORPORATION breached its implied warranties by selling/distributing a defective product that violated the warranties of merchantability and fitness for a particular purpose.

56. As a direct and proximate result of COSTCO WHOLESALE CORPORATION's breach of warranties, the Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, aggravation of previously existing condition and/or activation of a latent condition. The losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, ROBERT HORTON, sues the Defendant, COSTCO WHOLESALE CORPORATION, for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT VIII—PLAINTIFF'S FAILURE TO WARN CLAIM AGAINST DEFENDANT, COSTCO WHOLESALE CORPORATION

The Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above and further states:

14

57. Upon information and belief, the carrots which are the subject of this action were expected to, and did, reach the user and/or consumer without substantial change in the condition in which they were sold and were, at the time of the incident, in essentially the same condition as when they left the hands of COSTCO WHOLESALE CORPORATION.

58. COSTCO WHOLESALE CORPORATION had a duty to provide adequate warnings and information to foreseeable users, such as Plaintiff, about the dangers of the carrots it distributed and/or sold.

59. As a direct and proximate result of COSTCO WHOLESALE CORPORATION's failure to warn, the Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, aggravation of previously existing condition and/or activation of a latent condition. The losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, ROBERT HORTON, sues the Defendant, COSTCO WHOLESALE CORPORATION, for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT IX – NEGLIGENCE AGAINST COSTCO WHOLESALE CORPORATION

The Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above and further states:

15

60. The Defendant, COSTCO WHOLESALE CORPORATION, had a duty to properly and safely distribute and inspect/test the carrots that are the subject of this Complaint, and to place reasonably safe products in the stream of commerce.

61. Upon information and belief, the carrots which are the subject of this action were expected to, and did, reach the user and/or consumer without substantial change in the condition in which they were sold and were, at the time of the incident, in essentially the same condition as when they left the hands of COSTCO WHOLESALE CORPORATION.

62. COSTCO WHOLESALE CORPORATION knew or should have known that the carrots were inherently dangerous and defective as previously stated herein.

63. COSTCO WHOLESALE CORPORATION had a duty to warn the Plaintiff as to any defects of the carrots that are the subject of this Complaint.

64. COSTCO WHOLESALE CORPORATION violated its duties and was careless, negligent, grossly negligent, reckless, willful, and wanton in the following particulars:

   a. Placing unsafe products into the stream of commerce;

   b. Failing to properly and adequately inspect/test the carrots;

   c. Failing to inspect/test and sell carrots that could be safely consumed despite the fact that this was technologically and economically feasible;

   d. Failing to discover that the carrots were defective;

   e. Allowing defective and inherently dangerous carrots to be consumed by the Plaintiff;

   f. Placing defective and unsafe carrots into the stream of commerce without adequate warnings, thereby exposing the Plaintiff and other third parties to a high and unreasonable risk of injury, and/or;

16

g. Failing to create and provide sufficient warning as to the dangerous propensities of the carrots to the end-user;

65. As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness, willfulness, and wantonness of COSTCO WHOLESALE CORPORATION, the Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, aggravation of previously existing condition and/or activation of a latent condition. The losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

66. The Defendant's conduct in placing an inherently dangerous product, with a known serious risk of harm, into the stream of commerce was reckless, willful, and wanton. As a result, the Plaintiff is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff, ROBERT HORTON, sues the Defendant, COSTCO WHOLESALE CORPORATION, for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## COUNT X – NEGLIGENCE PER SE AGAINST COSTCO WHOLESALE CORPORATION

The Plaintiff re-alleges and incorporates by reference paragraphs 1-11 above and further states:

67. COSTCO WHOLESALE CORPORATION had a duty to comply with all applicable health regulations, including the FDA's Good Manufacturing Practices Regulations, 21 C.F.R. part 110, subparts (A)- (G), and all statutory and regulatory provisions that applied to the manufacture, distribution, storage, and/or sale of the carrots, including but not limited to, the *Federal Food, Drug, and Cosmetics Act*, § 402(a), as codified at 21 U.S.C. § 342(a), which bans the manufacture, sale and distribution of any "adulterated" food, and the similar provision in the *Florida Food Safety Act*, including §§ 500.01. 500.04, 500.10, and 500.11, et. seq.

68. Under both federal and applicable state law, food is adulterated if it contains a "poisonous or deleterious substance which may render it injurious to health."

69. The carrots were adulterated because they contained E. coli. Thus, by the distribution, delivery, storage, sale, and/or offering for sale of the carrots, COSTCO WHOLESALE CORPORATION breached its statutory and regulatory duties.

70. Mr. Horton was a member of the classes sought to be protected by the statutes and regulations identified above.

71. Mr. Horton developed injuries as a result of the consumption of the carrots at issue.

72. As a direct and proximate result of the breach of its statutory and regulatory duties, carelessness, negligence, gross negligence, recklessness, willfulness, and wantonness of COSTCO WHOLESALE CORPORATION, the Plaintiff suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, aggravation of previously existing condition and/or

activation of a latent condition. The losses are either permanent or continuing, and the Plaintiff will suffer the losses in the future.

73. The Defendant's conduct in placing an inherently dangerous product, with a known serious risk of harm, into the stream of commerce was reckless, willful, and wanton. As a result, the Plaintiff is entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff, ROBERT HORTON, sues the Defendant, COSTCO WHOLESALE CORPORATION, for damages and demands judgment in excess of Fifty Thousand Dollars ($50,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## DEMAND FOR JURY TRIAL

The Plaintiff, ROBERT HORTON, demands trial by jury on all issues so triable.

RESPECTFULLY submitted this 11th day of August, 2025.

<div style="margin-left:40%">

*/s/ Teddy Foster*
Teddy Foster, Esquire
Florida Bar No.: 111979
Morgan & Morgan, P.A.
501 Riverside Ave. Suite 1200
Jacksonville, FL 32202
Telephone: (904) 944-8390
Primary Email: tfoster@forthepeople.com
Secondary Email: tsteele@forthepeople.com
*Attorney for Plaintiff*

</div>

# EXHIBIT

# A

**COMPANY ANNOUNCEMENT**

# Grimmway Farms Recalls Organic Whole and Select Organic Baby Carrots That May Be in Consumers' Homes Due to Potential E. coli Contamination

When a company announces a recall, market withdrawal, or safety alert, the FDA posts the company's announcement as a public service. FDA does not endorse either the product or the company.

Read Announcement

**⊖ More Recalls, Market Withdrawals, & Safety Alerts (/safety/recalls-market-withdrawals-safety-alerts)**

# Summary

**Company Announcement Date:**

November 16, 2024

**FDA Publish Date:**

November 16, 2024

**Product Type:**

Food & Beverages

**Reason for Announcement:**

Products may be contaminated with Shiga toxin-producing Escherichia coli (E. coli) O121:H19.

**Company Name:**

Grimmway Farms

**Brand Name:**

Multiple Brand Names

**Product Description:**

Organic whole carrots and organic baby carrots

# Company Announcement

Grimmway Farms has issued a recall of select organic whole carrots and organic baby carrots that should no longer be in grocery stores but may be in consumers' refrigerators or freezers.

These products may have been contaminated with Shiga toxin-producing Escherichia coli (E. coli) O121:H19. E. coli O121:H19 is a bacterium that can cause serious and sometimes fatal infections in young children, elderly people, and those with a weakened immune system. Some infections can cause severe bloody diarrhea conditions, such as a hemolytic uremic syndrome, or the development of high blood pressure, chronic kidney disease, and neurologic problems. Symptoms include severe stomach cramps, diarrhea, fever, nausea, and/or vomiting. The incubation period for E. coli O121:H19 in humans can range from 24 hours to as much as ten days. The average incubation period is 3 to 4 days.

The following recalled products were shipped directly to retail distribution centers nationwide in the United States, Puerto Rico, and Canada:

- Organic whole carrots, which do not have a best-if-used-by date printed on the bag, but were available for purchase at retail stores from August 14 through October 23, 2024,

- Organic baby carrots with best-if-used-by-dates ranging from September 11 through November 12, 2024. The recalled carrots should not be available for purchase in stores but may be in consumers' refrigerators or freezers.

*November 16, 2024, Grimmway Farms Firm-Initiated Recall*

*Product photos will be posted in our recall notice on our website at grimmway.com*

*Organic WHOLE Carrots*

*available for purchase at retail from August 14 through October 23, 2024*

| Label | Bag Sizes | |
|---|---|---|
| 365 | 1lb, 2lb, 5lb | *All of these organic whole carrots were available for purchase at retail stores from August 14 through October 23, 2024. No best-if-used-by-dates are on the bags of organic whole carrots.* |
| Bunny Luv | 1lb, 2lb, 5lb, 10lb, 25lb | |
| Cal-Organic | 1lb, 2lb, 5lb, 6lb, 10lb, 25lb | |
| Compliments | 2lb | |
| Full Circle | 1lb, 2lb, 5lb | |
| Good & Gather | 2lb | |
| GreenWise | 1lb, 25lbs | |
| Marketside | 2lb | |
| Nature's Promise | 1lb, 5lb | |
| O-Organics | 1lb, 2lb, 5lb, 10lb | |
| President's Choice | 2lb | |
| Simple Truth | 1lb, 2lb, 5lb | |
| Trader Joe's | 1lb | |
| Wegmans | 1lb, 2lb, 5lb | |
| Wholesome Pantry | 1lb, 2lb, 5lb | |

**Organic BABY (cut and peeled) carrots with specific best-if-used-by dates**

| Label | Bag Sizes | Best-if-Used-by-Dates are printed on the bag | |
|---|---|---|---|
| | | From | Through |

| 365 | 12oz, 1lb, 2lb | SEP 11 24 | NOV 02 24 |
| Bunny Luv | 1lb, 2lb, 3lb, 5lb | SEP 11 24 | NOV 12 24 |
| Cal-Organic | 12oz, 1lb, 2lb, 2pk/2lbs | SEP 11 24 | NOV 02 24 |
| Compliments | 1lb | SEP 14 24 | OCT 24 24 |
| Full Circle | 1lb | SEP 14 24 | OCT 24 24 |
| Good & Gather | 12oz, 1lb | SEP 14 24 | NOV 02 24 |
| GreenWise | 1lb | SEP 11 24 | OCT 26 24 |
| Grimmway Farms | 25 lb bag | SEP 11 24 | OCT 03 24 |
| Marketside | 12oz, 1lb, 2lb | SEP 11 24 | NOV 02 24 |
| Nature's Promise | 1lb | SEP 13 24 | OCT 25 24 |
| O-Organics | 12oz, 1lb, 2lb | SEP 11 24 | NOV 02 24 |
| President's Choice | 1lb, 2lb | 11 SEP 24 | 02 NOV 24 |
| Raley's | 1lb | SEP 14 24 | OCT 23 24 |
| Simple Truth | 1lb, 2lb | SEP 14 24 | NOV 02 24 |
| Sprouts | 1lb, 2lb | SEP 13 24 | NOV 04 24 |
| Trader Joe's | 1lb | SEP 13 24 | NOV 04 24 |
| Wegmans | 12oz, 1lb, 2lb | SEP 14 24 | NOV 02 24 |
| Wholesome Pantry | 1lb, 2lb | SEP 16 24 | NOV 07 24 |

The company is voluntarily recalling these carrots after the Centers for Disease Control and Prevention reported that these products may be associated with an outbreak. To date, 39 illnesses and one death have been associated with an E. coli O121:H19 outbreak.

The company has also notified its customers who received the recalled product directly from Grimmway Farms and requested that those customers notify distributors of the recall products. The implicated farms are out of production, and none of the recalled carrots have tested positive for E. coli O121:H19.

Consumers: The recalled carrots should no longer be available for purchase but may be in consumers' refrigerators or freezers. Consumers who purchased carrots in the table above and still have them in their refrigerator or freezer should not consume them; they should be destroyed or discarded so they cannot be consumed. If you have these products in your home, do not eat or use them, throw them away, and clean and sanitize surfaces they touched. Consumers concerned about an illness should contact a medical professional.

Consumers with questions or products in their possession may contact our customer services desk at 1-800-301-3101, M-F, 8 am – 8 pm ET, and November 16-17, 8 am – 8 pm ET, or visit www.grimmway.com (https://www.grimmway.com) ☐ (http://www.fda.gov/about-fda/website-policies/website-disclaimer).

Product Labeling (https://www.grimmway.com/status-history/) ☐ (http://www.fda.gov/about-fda/website-policies/website-disclaimer)

FDA Outbreak: Advisory Outbreak Investigation of E. coli O121:H9: Organic Carrots (November 2024) | FDA (/food/outbreaks-foodborne-illness/outbreak-investigation-e-coli-o121h19-organic-carrots-november-2024)

CDC Webpage (https://www.cdc.gov/ecoli/outbreaks/e-coli-o121.html)

# Company Contact Information

**Consumers:**
Grimmway Farms
📞 1-800-301-3101

**Media:**
Dana Brennan
📞 661-855-8985
✉ dbrennan@grimmway.com (mailto:dbrennan@grimmway.com)

# EXHIBIT
# B







November 19, 2024

Dear Costco Member,

Costco records indicate that you, or one of your add-on members, purchased Cal-Organic Farms Whole Organic Carrots packaged in a six pound bag, item# 1352 between August 15 and September 30, 2024. This item purchased during the above timeframe has been recalled, because it may have been contaminated with Shiga toxin-producing *Escherichia coli* (*E. coli*) O121:H19.

*E. coli* O121:H19 is a bacterium that can cause serious and sometimes fatal infections in young children, elderly people, and those with a weakened immune system. Some infections can cause severe bloody diarrhea conditions, such as a hemolytic uremic syndrome, or the development of high blood pressure,



chronic kidney disease, and neurologic problems. Symptoms include severe stomach cramps, diarrhea, fever, nausea, and/or vomiting. The incubation period for *E. coli* O121:H19 in humans can range from 24 hours to as much as ten days. The average incubation period is 3 to 4 days.

The recalled carrots may be in consumers' refrigerators or freezers. If you purchased this item between August 15 and September 30, 2024, and still have these products in your home, do not consume them. Clean and sanitize surfaces they may have touched. Throw away unused product and go to Costco for a full refund. Consumers concerned about an illness should contact a medical professional.

Please call Grimmway Farms at 1-866-912-9552, M-F, 8 am – 8 pm ET, or visit www.grimmway.com if you have any issues or concerns.

Thank you

Michael Riccomini
VP Quality Assurance

*K.E.F.*
*# ID 90F706FA6*

*SHALONDA*